UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:20-cr-00719 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Docs. 34, 35, 36] |
| v. : |  |
| AUBREY DEVON SHORTER, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Aubrey Devon Shorter awaits trial for charges of possession with intent to distribute a controlled substance, possessing a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.[1]

Presently, Defendant Shorter makes several motions. First, Shorter moves to compel the Government to provide a summary of the expert testimony it intends to offer.[2] Next, Shorter moves to continue his trial.[3] Finally, Shorter moves for temporary pre-trial release from custody.[4] The Government opposes the motion to compel and the motion for pre-trial release.[5]

For the following reasons, the Court **GRANTS** Defendant Shorter's motion to compel, **DENIES** Shorter's motion to continue his trial, and **DENIES** Shorter's motion for temporary pre-trial release.

---

[1] Doc. 11.
[2] Doc. 34.
[3] Doc. 35.
[4] Doc. 36.
[5] Docs. 41, 42.

Case No. 1:20-cr-00719
GWIN, J.

I. Discussion

### A. Defendant's Motion to Compel

Under Federal Rule of Criminal Procedure 16, the government must provide the defendant with a "written summary" of the expert testimony the government intends to offer.[6] The written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[7]

Defendant Shorter argues that the Government has provided him insufficient information regarding the expert testimony of Task Force Officer Donald Kopchak.[8] The government responds that it has complied with its Rule 16 obligations.[9]

Having reviewed the notices that the Government gave Defendant Shorter,[10] the Court finds they do not satisfy Rule 16. While the notices sufficiently outline Officer Kopchak's qualifications, they describe neither Kopchak's opinions nor the bases and reasons for those opinions.

If the Government wishes to offer Officer Kopchak's expert testimony at trial, then the Government must provide Defendant Shorter with the information Rule 16 requires by Tuesday, May 25, 2021.

### B. Defendant's Motion to Continue His Trial

Defendant Shorter moves to continues his trial currently scheduled for June 7, 2021 because: (1) the Government has failed to provide an adequate summary of its proposed

---

[6] Fed. R. Crim. P. 16(a)(1)G).
[7] *Id.*
[8] Doc. 34.
[9] Doc. 41.
[10] Docs. 34-1, 32.

Case No. 1:20-cr-00719
GWIN, J.

expert testimony, and (2) Defendant's counsel must appear before the Sixth Circuit in Cincinnati on June 9, 2021.[11]

At this time, a continuance is unnecessary. The Government must provide a proper summary of Office Kopchak's expert testimony by May 25th. This should give Defendant sufficient time to prepare for trial. Additionally, Defendant's counsel should be able to proceed with Defendant's trial on June 7th and oral argument before the Sixth Circuit on June 9th.

### C. Defendant's Motion for Temporary Pre-Trial Release

On October 8, 2020, Magistrate Judge Parker order Defendant Shorter detained pending trial.[12] This Court reviews a magistrate judge's detention order *de novo*.[13]

A court must order pretrial detention when the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"[14] There is a rebuttable presumption in favor of detention when "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]"[15]

Having reviewed the transcript of Defendant's detention hearing and Defendant's present motion for release,[16] the Court concludes Defendant Shorter has failed to rebut the presumption that he is a flight risk and danger to the community.

---

[11] Doc. 35.
[12] Doc. 8.
[13] *U.S v. Gage*, 462 F. Supp. 3d 822, 824 (N.D. Ohio 2020).
[14] 18 U.S.C. § 3142(e).
[15] 18 U.S.C. § 3142(e)(3)(A).
[16] Docs. 20, 36.

Case No. 1:20-cr-00719
GWIN, J.

Accordingly, Defendant Shorter shall remain in custody while he awaits trial.

## II. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Shorter's motion to compel the Government to provide an appropriate summary of Officer Kopchak's expert testimony, including a synopsis of his expert opinions and the grounds for those opinion. The Government is directed to provide the summary to Defendant Shorter by May 25, 2021.

At this time, the Court **DENIES** Defendant Shorter's motion to continue his trial. Likewise, the Court **DENIES** Defendant Shorter's motion for temporary pre-trial release.

IT IS SO ORDERED.

Dated: May 21, 2021                     *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE