UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00719 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 80, 81, 82] |
| v. | : | |
| AUBREY DEVON SHORTER, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Pursuant to a binding plea agreement, Defendant Aubrey Devon Shorter is currently serving a 63-month sentence for possessing firearms as a felon.[1] Shorter asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) due to his medical and family circumstances.[2] The Court appointed counsel to assist Shorter, and appointed counsel filed a supplement to Shorter's compassionate release motion.[3] The government opposed.[4] Shorter's appointed counsel filed a reply.[5]

The Court finds that Defendant Shorter has not demonstrated extraordinary and compelling reasons for compassionate release, and that the 18 U.S.C. § 3553(a) factors weigh against compassionate release. Therefore, the Court **DENIES** Shorter's motion.

I. BACKGROUND

On September 24, 2020 at 2:39 a.m., police received a call about a young child wandering outside an apartment building. When officers responded, the child told them that

---

[1] Docs. 49, 58.
[2] Doc. 80.
[3] Doc. 85. Appointed counsel also filed two motions for extensions to file Shorter's supplement. Docs. 81, 82. The Court **GRANTS** those motions.
[4] Doc. 88.
[5] Doc. 89.

Case No. 1:20-cr-00719
GWIN, J.

his father (Defendant Shorter) was in an apartment upstairs. The officers brought the child to Shorter's apartment, where they observed Shorter sleeping on a couch surrounded by at least three firearms. The officers noticed that there were three young children in Shorter's apartment as well, and that those firearms were easily accessible to the children.[6]

The officers contacted the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and asked ATF to request a search warrant.[7] After ATF agents arrived, the agents and police officers executed the search warrant, seizing six firearms, ammunition, and narcotics.[8] Five of the firearms were loaded.[9]

As a result, a grand jury indicted Defendant Shorter on three counts—two drug-related counts and one count of being a felon in possession.[10]

Defendant Shorter eventually agreed to a plea deal with the government under Federal Rule of Criminal Procedure 11(c)(1)(C).[11] Shorter agreed to plea guilty to being a felon in possession, and the government agreed to dismiss the drug-related charges.[12] Both sides agreed to recommend the agreed-upon 63-month sentence.[13]

Upon accepting Shorter's plea, the Court sentenced Shorter to 63 months.[14]

## II. LEGAL STANDARD

Before a defendant can bring a compassionate release motion under § 3582(c)(1)(A)(i), he must first exhaust his administrative remedies.[15] A defendant who has

---

[6] Doc. 54 at ¶ 9.
[7] *Id.*
[8] *Id.* at ¶ 3.
[9] *Id.* at ¶ 14.
[10] Doc. 11.
[11] Doc. 49.
[12] *Id.* at ¶¶ 9–10.
[13] *Id.* at ¶ 14.
[14] Doc. 58.
[15] 18 U.S.C. § 3582(c)(1)(A).

Case No. 1:20-cr-00719
GWIN, J.

exhausted his administrative remedies is eligible for compassionate release only if he demonstrates that (1) there are "extraordinary and compelling reasons" supporting a sentence reduction, and (2) that any sentence reduction would be consistent with the Sentencing Commission's applicable policy statement.[16]

Even if the defendant is eligible, courts may not grant compassionate release before weighing the § 3553(a) factors and determining that those factors support a sentence reduction.[17]

### III.  DISCUSSION

#### A.  Medical Circumstances[18]

Defendant Shorter argues that, while he is incarcerated, the Bureau of Prisons is not providing adequate care for his asthma.[19] Specifically, Shorter claims that the Bureau of Prisons refills his albuterol inhaler prescription only every 90 days even though Shorter says he needs a refill every 30 days.[20] The Court finds that this is not an extraordinary and compelling reason for compassionate release because Shorter has failed to show that the Bureau of Prisons is unable to provide needed care.[21]

Defendant Shorter's prescriptions make clear that Shorter is supposed to use his inhaler "as needed."[22] According to Shorter's doctor, Shorter disregarded this instruction. Rather, Shorter is "overusing albuterol" because he is using his inhaler out of habit rather

---

[16] 18 U.S.C. § 3582(c)(1)(A)(i).
[17] *Id.*
[18] Because the Court determines that Shorter's medical circumstances are not extraordinary and compelling, the Court does not address the parties' dispute about whether compassionate release requires issue-specific exhaustion, *i.e.*, whether Shorter needed to specifically raise his asthma when he requested compassionate release from the warden.
[19] Doc. 85 at 6–7.
[20] *Id.*
[21] *See* U.S.S.G. § 1B1.13(b)(1)(C).
[22] Doc. 85-6.

Case No. 1:20-cr-00719
GWIN, J.

than for emergency situations only.[23]  It is not the Bureau of Prisons' fault that Shorter is using his inhaler too quickly, so Shorter's medical circumstances are not extraordinary and compelling.

### B. Family Circumstances

Alternatively, Shorter argues that he should be released to care for his mother, who is no longer able to care for herself following a stroke.[24]  According to Shorter, he and his family have tried to find a nursing home for his mother, but the nursing homes that they have found abused or otherwise failed to protect his mother.[25]  And while Shorter has siblings, those siblings say that they cannot provide full-time care for Shorter's mother due to their busy schedules.[26]

While the Court is sympathetic to Shorter's situation, the Sentencing Commission's policy statement sets a high bar for family circumstances to be extraordinary and compelling. For family circumstances to be extraordinary and compelling, Defendant Shorter must be "the *only* available caregiver" for his mother.[27]

Here, even though Shorter's siblings say that they cannot provide full-time care for Shorter's mother, they are able to assist with care.  And although Shorter's mother faced abuse in previous nursing homes, Shorter does not show that his family is unable to find a different nursing home that can properly care for Shorter's mother.  Since it is possible to find other care for Shorter's mother, Shorter has not demonstrated extraordinary and compelling reasons.

---

[23] Doc. 85-7 at PageID #: 658.
[24] Doc. 85 at 3–6; Doc. 85-2 (indicating that Shorter's mother suffers from incapacitating symptoms following a stroke).
[25] Doc. 85-3.
[26] Docs. 85-4, 85-5.
[27] U.S.S.G. § 1B1.13(b)(3)(C).

Case No. 1:20-cr-00719
GWIN, J.

Even if Defendant Shorter had shown that his family circumstances are an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weigh against a sentence reduction. Significantly, Shorter's carelessness in leaving loaded weapons and narcotics within reach of children raises significant doubts about his ability to responsibly care for his mother even if released.

## IV. CONCLUSION

For the reasons given above, the Court **DENIES** Shorter's compassionate release motion.

IT IS SO ORDERED.

Dated: July 30, 2024                     *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE